UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
MAY 16 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated, § § § § Plaintiffs, § § v. § § BED BATH & BEYOND, INC. § § Defendant § | CASE NO. 1:22MC00480 |

## PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA TO PRODUCE DOCUMENTS

Plaintiffs Donald Hess and Elizabeth Padilla, individually and on behalf of all others similarly situated, file this motion to compel Indeed, Inc. ("Indeed") to comply with a subpoena for the production of documents dated November 17, 2022.

**I.     RELEVANT FACTS**

The instant action originates in the Federal District Court for the Southern District of New York, whereby Plaintiffs, individually, and on behalf of others similarly situated, sued the Defendant Bed Bath & Beyond, Inc. ("BBB") for violations of the New York Labor Law ("NYLL").

For more than 125 years the NYLL has required the weekly payment of wages to manual workers. *See People v. Vetri,* 309 N.Y. 401, 405, 131 N.E.2d 568, 570 (1955); L. 1890, ch. 388, § 1; NYLL § 191. On May 7, 2021, Donald Hess, a citizen of Texas, and Elizabeth Padilla, a citizen of New York, commenced a class action in the United States District Court for the Southern District of New York titled *Hess v. Bed Bath & Beyond, Inc.,* 21-cv-4099 (the "underlying action") for violations of the timely pay provisions of the NYLL. Hess and Padilla

allege that they and other similarly situated employees were "manual workers" entitled to the payment of wages weekly. Under NYLL § 190(4), a "manual worker" is defined as a "mechanic, workingman or laborer."

In order to determine whether BBB's New York employees shared a common job description, and therefore may be "similarly situated", and to determine the class or classes of New York employees that were "manual workers", Plaintiffs served interrogatories and document requests upon BBB in July 2021. Despite diligent efforts, BBB has been unable to locate any job description for any New York State employee for the period from September 14, 2014 through November 12, 2018.[1] In light of BBB's inability to locate job descriptions, Plaintiffs served a subpoena upon Indeed on November 24, 2022.[2] Items 1-4 of the subpoena seek BBB's job postings for New York employees.

On February 14, 2022, Indeed objected to the subpoena.[3] In its letter of objection Indeed indicated that it does not have any documents responsive to Items 5-17. On March 14, 2022, counsel for the Plaintiffs in the underlying action spoke via telephone with Andie North Barbour, Senior Corporate Counsel for Indeed, in order to obtain compliance with items 1-4 of the subpoena. That attempt was unsuccessful.

Plaintiffs now move for an order compelling Indeed to comply with the Subpoena dated November 17, 2021 within 10 days of this Court's order.

---

[1] An excerpt from BBB's response to Plaintiffs' Requests for Production of Documents is annexed hereto as Exhibit 1.
[2] A copy of the Subpoena is annexed hereto as Exhibit 2. The subpoena was properly served and Indeed raises no jurisdictional defenses to the subpoena.
[3] A copy of Indeed's objection letter is annexed as Exhibit 3.

## II.     STANDARD

Pursuant to Rule 45(d)(2)(B), a person commanded to produce documents may serve written objections thereto. Serving timely objections "suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order." *Am. Fed'n of Musicians of the United States & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D. Tex. 2015). However,

> "a non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate [or unsupported] objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *Id.* at 46 (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014), and adopting "the explanations in *Heller* of what is required to make proper objections and how to properly respond to discovery requests").
>
> Just as, "[a]lthough [Federal Rule of Civil Procedure] 34 governs document discovery from a party and not a non-party, see FED. R. CIV. P. 34(c)," "Rule 34(b)(1)'s reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party," so too "a non-party's Rule 45(d)(2)(B) objections to those requests should be subject to the same requirements facing a party objecting to discovery under Rule 34." *Id.* at 44, 46.
>
> This means that a non-party is subject to the requirements that an objection to a document request must, for each item or category, state with specificity the grounds for objecting to the request, including the reasons, and must state whether any responsive materials are being withheld on the basis of that objection; that an objection to part of a request must specify the part and permit inspection of the rest; that "general or so-called boilerplate or unsupported objections are improper under Rule 45(d)(2)(B)"; and that the explanations in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), of what is required to make proper objections and how to properly respond to discovery requests apply equally to non-parties subject to a Rule 45 subpoena. *See id.* at 46; FED. R. CIV. P. 34(b)(2)(B)-(C).

*Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 U.S. Dist. LEXIS 95104, at *4-5 (N.D. Tex. July 21, 2016). "In short, '[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections.'" *Heller v. City of Dall.*, 303 F.R.D. 466, 483 (N.D. Tex. 2014)(quoting *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*,

No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010)).

"If an objection is made. . .the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Rule 45 thereby requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on a non-party challenging a subpoena. *HCB Fin. Corp. v.McPherson*, 2015 U.S. Dist. LEXIS 6994 *1-2 (W.D. Tx. 2015). Although Indeed's headquarters are located in Stamford, Connecticut[4], Indeed has insisted that the "place of compliance" is the Western District of Texas, Austin Division.[5] Therefore, Plaintiffs now move to compel compliance in the Western District.

### III.   INDEED'S OBJECTIONS ARE UNSUPPORTED AND WITHOUT MERIT

#### A.   Indeed's Objections That Subpoena is Overbroad and Unduly Burdensome Are Improper Boilerplate

Indeed objects to the subpoena with the following language:

> Indeed objects to the subpoena to the extent it is overbroad and unduly burdensome [. . .] The request for expansive job postings over a four-year period across the entire state of New York for Bed Bath & Beyond is unduly burdensome.[6]

In order to assert a valid objection on the basis of undue burden, the person resisting discovery "typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006)). "Failing to do so, as a general matter, makes such an unsupported objection nothing

---

[4] *See* Indeed's Texas Franchise Public Information Reports, annexed as Exhibit 4.
[5] *See* E-mail thread between counsel for Plaintiffs and counsel for Indeed, annexed as Exhibit 5.
[6] *See* Exhibit 3 (objection letter).

more than unsustainable boilerplate." *Lechuga v. Magallanes*, No. MO:16-CV-00269-RAJ-DC, 2017 U.S. Dist. LEXIS 221493, at (W.D. Tex. June 1, 2017).

Although Indeed's February 14, 2022 objection letter consists of more than two pages, Indeed makes no attempt to explain the time or expense associated with responding to the subpoena. On March 14, 2022, Plaintiff's counsel sent an email to Andie North Barbour, Senior Corporate Counsel for Indeed, requesting that Indeed "articulate the specific burden associated with responding to items 1-5 and the specific costs associated therewith." Ms. Barbour responded that "[a]s to the specific burden and cost, we can discuss during our call."[7] Yet, during the subsequent call with Ms. Barbour, Indeed could not articulate the specific burden or expense associated with compliance. It became clear that the reason why Indeed could not articulate the burden was that Indeed had not yet searched for documents responsive to the subpoena, and did not know how many responsive documents, if any, existed. On a related note, Indeed did not comply with Rule 34's requirement that a party responding to a subpoena state whether or not responsive documents have been withheld.

### B. Indeed's Assertion that the Job Postings are Available Directly From BBB is Contradicted by BBB's Discovery Representations

In response to Plaintiffs' requests for job descriptions, BBB has asserted that it has been unable to locate responsive records. In response to interrogatories asking BBB to identify the documents that describe the duties of BBB's New York State employees, BBB has not stated that it is in possession, custody, or control of historical job postings that it placed with Indeed. Therefore, Indeed's assertion that the "information requested can be obtained through less

---

[7] *See* Exhibit 5.

burdensome means directly from the Defendant as opposed to from indeed" conflicts with BBB's discovery representations.[8]

### C. Indeed Possesses Documents Responsive to the Subpoena

Where Indeed is not in possession, custody or control of responsive documents, it says as much. For example, Indeed states that it does not have documents or ESI responsive to items 5-17 o the subpoena. However, it does not deny having possession of BBB's New York job descriptions and postings during the relevant time period. It only claims that it should not have to produce these job postings.

### D. Indeed's Objections to Disclosure based on the Stored Communications Act, 18 U.S.C. 2701 and Texas Penal Code 16.05 are without merit

Indeed.com is a website that permits employers to "Post a job" opening.[9] Employers posting jobs on Indeed provide information about the job, including a job description.[10] These job postings are made publicly available on Indeed.com.[11]

Indeed's "Terms of Service for Employers" specifically state: "When you…post job listing advertising employment opportunities[,] ("Job Listings" or "Job Ads") all of Indeed's policies, including the Indeed Privacy Policy. . .apply to you."[12] Indeed's Privacy Policy, in turn, states that when users such as BBB "post content. . .in a manner that is intended to make that

---

[8] We assume that BBB has taken seriously its "affirmative duty [under Rule 26(g)] to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37 [. . .] The subdivision provides a deterrent to [. . .] evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery [] response[.] The term "response" includes answers to interrogatories and to requests to admit as well as responses to production requests." Fed. R. Civ. P. 26, 1980 Advisory Committee Notes.

[9] See https://www.indeed.com/hire?co=US&hl=en&from=gnav-employer--allspark--employer (last visited 4/7/2022).

[10] See https://www.indeed.com/?from=gnav-homepage (last visited 4/7/2022).

[11] Id.

[12] https://www.indeed.com/legal?hl=en&co=US#tos (last visited 4/7/2022).

content publicly available and searchable by individuals, Indeed reserves the right to. . .share that information with third parties."[13]

Under Indeed's "Terms Of Service for All Users", "Job Listings" constitute "User Content"[14], which "Indeed reserves the right to disclose [. . .] to comply with legal obligations or governmental requests." [15] In Indeed's own words "[t]his means. . .that Indeed may honor subpoenas[.]"[16]

In sum, BBB posted publicly available "Job Listings" or "Job Ads" (job postings) on Indeed between September 14, 2014 and November 12, 2018. Indeed's terms and conditions expressly permit Indeed to disclose these job postings, which were made publicly available, to third parties *for any reason.* Indeed's terms and conditions further *expressly permit Indeed to disclose these job posting in response to a lawful subpoena.* Yet, Indeed claims that disclosing job postings, which had been previously made publicly available, would constitute a crime under the Texas Penal Code and would violate the Stored Communications Act. Indeed does not cite to authority to support this position. In fact, if Indeed's argument is accepted, it would mean that the cited statutes actually divest the Federal Courts of significant subpoena power.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that Indeed be ordered to comply with the Subpoena Dated November 17, 2022 within 10 days of this Court's order.

Dated: Huntington, New York
       May 13, 2022

---

[13] https://hrtechprivacy.com/brands/indeed#privacypolicy (last visited 4/7/2022)
[14] *See* Indeed General Terms of Service, (D)(3), available at https://www.indeed.com/legal?hl=en&co=US#tos (last visited 4/7/2022).
[15] *Id.*
[16] *Id.* (emphasis added).

- 8 -

Respectfully submitted,

MOSER LAW FIRM, PC
Attorneys for Plaintiff(s)

Steven John Moser
5 East Main Street
Huntington, NY 11743
Tel: 516-671-1150
steven.moser@moserlawfirm.com