# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Donald Hess and Elizabeth Padilla | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-cv-4099 |
| Bed Bath & Beyond, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Indeed, Inc.
c/o CT Corporation System, 28 LIBERTY STREET, NEW YORK, NY, United States, 10005 - 0000

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: Moser Law Firm, PC, 5 E Main Street, Huntington, NY 11743; steven.moser@moserlawfirm.com | Date and Time: 12/03/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/17/2021

*Signature of Clerk or Deputy Clerk*       OR       *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Steven Moser, Moser Law Firm, PC, 5 E Main St, Huntington, NY 11743; steven.moser@moserlawfirm.com; 516.671.1150

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONALD HESS AND ELIZABETH PADILLA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> *-against-* <br><br> HEWLETT-PACKARD COMPANY A/K/A HP INC., HEWLETT PACKARD ENTERPRISE COMPANY and UNISYS CORPORATION, <br><br> Defendants. | Case No.: <br><br> **RIDER TO SUBPOENA** |

**TO:   Indeed, Inc.**
**c/o CT Corporation System**
**28 Liberty St**
**New York, NY  10005**

## Definitions

1. Local Civil Rule 26.3 for the Southern and Eastern Districts of New York states as follows:

   **Local Civil Rule 26.3. Uniform Definitions in Discovery Requests**

   (a)   The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

   (b)   This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

   (c)   The following definitions apply to all discovery requests:

   (1)   **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   (2)   **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

      (7)   **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

   (d)   The following rules of construction apply to all discovery requests:

      (1)   **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

      (2)   **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      (3)   **Number.** The use of the singular form of any word includes the plural and vice versa.

2. **BBB.** "BBB" means Bed Bath & Beyond, Inc., Employer FEIN: 11-2250488.

3. **Relevant Time Period.** "Relevant Time Period" means from October 1, 2014 to December 31, 2018.

4. **You.** "You" means Indeed, Inc.

## DOCUMENTS TO BE PRODUCED

1. All job postings for the title of Retail Sales Associate or Sales Associate for work at any BBB retail store location in the State of New York during the relevant time period.

2. All job postings for the title of Retail Stock Associate or Stock Associate for work at any BBB retail store location in the State of New York during the relevant time period.

3. All job postings for the title of Overnight Department Manager for work at any BBB retail store location in the State of New York during the relevant time period.

4. All job postings for titles other than Retail Sales Associate, Sales Associate, Retail Stock Associate, Stock Associate and Overnight Department manager for work at any BBB retail store location in the State of New York during the relevant time period.

5. Job descriptions for each job posted by BBB concerning employment at any retail store location in the State of New York during the relevant time period.

6. All documents concerning the duties and physical requirements of the following BBB job titles during the relevant time period:

    a. Retail Sales Associate;

    b. Sales Associate;

    c. Retail Stock Associate;

    d. Stock Associate;

    e. Overnight Department Manager;

7. All documents concerning the essential functions of the following BBB job titles during the relevant time period:

    a. Retail Sales Associate;

    b. Sales Associate;

    c. Retail Stock Associate;

    d. Stock Associate;

    e. Overnight Department Manager;

8. All documents concerning BBBs policies regarding reasonable accommodations and policies against discrimination in effect during the relevant time period.

9. The name, address, telephone number, date of application and hiring date of each of each Retail Sales Associate or Sales Associate hired by BBB to work in any retail store location in the State of New York during the relevant time period.

10. All documents and ESI furnished by the individuals who were hired for the position of Retail Sales Associate or Sales Associate to work at any BBB retail store location in the State of New York during the relevant time period.

11. All communications between You or BBB and the individuals who were hired for the position of Retail Sales Associate or Sales Associate at any BBB retail store location in the State of New York during the relevant time period.

12. The name, address, telephone number, date of application and hiring date of each of each Retail Stock Associate or Stock Associate hired by BBB to work at any retail store location in the State of New York during the relevant time period.

13. All documents and ESI furnished by the individuals who were hired for the position of Retail Stock Associate or Stock Associate to work at any BBB retail store location in the State of New York during the relevant time period.

14. All communications between You or BBB and the individuals who were hired for the position of Retail Stock Associate or Stock Associate to work at any BBB retail store location in the State of New York during the relevant time period.

15. The name, address, telephone number, date of application and hiring date of each of each Overnight Department Manager hired by BBB to work at any retail store location in the State of New York during the relevant time period.

16. All documents and ESI furnished by the individuals who were hired for the position of Overnight Department Manager to work at any BBB retail store location in the State of New York during the relevant time period.

17. All communications between You or BBB and the individuals who were hired for the position of Overnight Department Manager to work at any BBB retail store location in the State of New York during the relevant time period.

Dated: Huntington, New York
       November 17, 2021

                                                MOSER LAW FIRM, P.C.

                                                By: _____
                                                Steven John Moser
                                                5 E. Main Street
                                                Huntington, NY  11743
                                                Phone: (516) 671-1150
                                                steven.moser@moserlawfirm.com
                                                ***Attorneys for Plaintiffs***

CC:    VIA EMAIL ONLY
           Jeffrey Howard Ruzal, Esq. <jruzal@ebglaw.com>
           Matthew Savage Aibel <MAibel@ebglaw.com>