# EXHIBIT 3

Moser Law Firm, PC
Attn: Opposing Attorney
5 E. Main Street
Huntington, NY, 11743

Via Email

February 14, 2022

**RE:** *Donald Hess and Elizabeth Padilla v Bed, Bath, & Beyond, Inc.*, Case No. 21-cv-4099

Dear Mr. Moser,

We write regarding the Subpoena dated November 17, 2021, in the above-captioned action (the "Subpoena"). As set forth in detail below, Indeed, Inc. ("Indeed") objects to the Subpoena on procedural and substantive grounds.

Indeed objects to the Subpoena to the extent it is overbroad and unduly burdensome. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The request for expansive job postings over a four-year period across the entire state of New York for Bed Bath & Beyond is unduly burdensome. The court where compliance is required "must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." *Id*. Indeed would be required to incur significant costs relative to employee time, using multiple tools across multiple sources, to determine if compliance with the Subpoena is even possible.

Indeed objects to the Subpoena to the extent it seeks user content information in violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq. (the "SCA"), Texas privacy laws, including without limitation Tex. Penal Code § 16.05, and other applicable federal and state statutes and regulations. In accordance with the SCA, Indeed will not release any user content information, including job applications, resumes, cover letters, messages, etc. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) ("Congress intended the word 'contents' to mean a person's intended message to another (i.e., the 'essential part' of the communication, the 'meaning conveyed,' and the 'thing one intends to convey')").

Regarding your request for expansive job postings over a four-year period across the entire state of New York for Bed Bath & Beyond, to the extent these job posts are publicly available on our website, we request that you simply perform a search on our search engine at www.indeed.com.

Moreover, the SCA does not distinguish between "private" and "public" content in its prohibition on disclosure by providers. *See* 18 U.S.C. § 2702(a)(1) (electronic communication service provider "shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service"); id. § 2702 (a)(2) (remote computing service provider "shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service") (emphasis added). The only exceptions to these prohibitions on disclosure of content are the 8 listed exceptions in section 2702(b) and the required disclosures listed in section 2703. There is no exception in 2702(b) for disclosure of content that is currently available or may have been previously available to the public. To the extent you are relying on a theory of implied user consent in your effort to obtain formerly public content, removal of that content from public availability constitutes revocation of that consent. *See Ehling v. Monmouth-Ocean Hosp. Svc. Corp.*, 961 F. Supp. 2d 659, 668 (D.N.J. 2013) (users may revoke consent by "actively restrict[ing] the public from accessing the information); *Gilday v. Dubois*, 124 F.3d 277, 297 (1st Cir. 1997) (considering the conceptually related consent exception to the Wiretap Act and holding that "a reviewing court must inquire into the dimensions of the consent and then ascertain whether the interception exceeded those boundaries"). And in any event, even with user consent, the plain language of the SCA makes clear service providers retain the discretion to produce content or not in such circumstances, and cannot be compelled to do so. *See* 18 U.S.C. U.S.C. § 2702(b)(3); *United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").

Indeed objects to the Subpoena to the extent it seeks Defendant's own account information. The information requested can be obtained through less burdensome means directly from the Defendant as opposed to from Indeed, a third party not involved in the litigation. *See Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, at *1-2 (W.D. Tex. 2015) (quashing subpoena served on non-party because the requested information could be sought from a party to the litigation). Accordingly, to the extent any of the documents or information requested may be accessed by the Defendant, we request that you obtain them from the Defendant instead of from Indeed. Specifically, the Defendant may access their information by logging into their account directly or by following the instructions listed in Section 10.4 of our Privacy Policy: https://www.indeed.com/legal#privacy.

Indeed does not have information nor keep documents of the type described in the Subpoena's document requests 5 through 17. Indeed.com is a job aggregator, which gathers job listings and publishes them in one internet location. This is similar to Google but only for jobs. Indeed also functions as a search engine, so that users may utilize the aggregated job listing. Indeed does not act as an employer nor as an agent for the employers whose jobs are posted on Indeed. As for the requests asking for "communications between You or BBB and the individuals…," and likewise

the requests asking for "documents and ESI furnished by the individuals...," to the extent such communications might exist between such individuals and BBB, please see the objections above.

Indeed is unable to respond to the Subpoena's document request because, in the ordinary course of business, Indeed does not maintain its records by the identifiers and/or descriptors provided, and is therefore not able to accurately search its records for responsive documents. Specifically, Indeed requires an email address or other specific URL to accurately search its user account records.

Based on the foregoing objections, Indeed declines to produce any documents in response to the Subpoena. Indeed expressly preserves and does not waive any additional rights or objections.

Sincerely,

*Andie Barbour* (DocuSigned)
Andie Barbour
Corporate Counsel
Indeed, Inc.
www.indeed.com