**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DONALD HESS and ELIZABETH | § | No. 1:22-mc-00480-RP |
| PADILLA, individually and on behalf of all | § | |
| others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Underlying Litigation: |
| | § | Case No. 1:21-cv-04099-AT-RWL |
| BED BATH & BEYOND, INC. | § | United States District Court |
| | § | Southern District of New York |
| Defendant. | § | |

**NON-PARTY INDEED, INC.'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO COMPEL**

Non-Party Indeed, Inc. ("Indeed") respectfully submits this Opposition to Plaintiffs' Motion to Compel (Dkt. #1) ("Motion"). Plaintiffs' Motion should be denied.

**I.    INTRODUCTION**

This matter is presently before this Court because Plaintiffs made a deliberate choice to bring their Motion in the wrong court, against the wrong entity. Plaintiffs should have brought their motion in the United States District Court for the Southern District of New York ("S.D.N.Y.") where their underlying case is being heard, to compel the <u>Defendant</u>, Bed Bath & Beyond, Inc. ("BBB"), to produce its <u>own</u> information. Instead, Plaintiffs chose to bring a motion to this Court, to compel <u>non-party</u> Indeed to produce BBB's information.

Plaintiffs come to this Court requesting an exceedingly burdensome order against Indeed. Plaintiffs demand extensive data: *all* of BBB's job postings for *any* work at *any* BBB retail store across the *entire* State of New York for a *three year period* beginning over *seven years ago*. They demand this data despite Indeed informing them time-and-again that it is retained only in sources

1

that are not reasonably accessible. In conducting the search, to date, Indeed has expended dozens of hours of expert employees' time. To access and produce the subsequent results—over 6,000 job posts—Indeed estimates it will have to dedicate at least 50 more hours of employee time.

When Plaintiffs requested this same information from Defendant BBB in discovery, BBB objected that the request was overly burdensome and would require an unreasonable amount of time and expense. Plaintiffs then subpoenaed non-party Indeed for that same information. Indeed objected on the very same grounds. Facing the same objection from both the Defendant and Indeed, the Plaintiffs made an odd choice: Plaintiffs did *not* bring a motion to compel Defendant  to produce their own records. Instead, they brought this motion to compel non-party Indeed to produce BBB's old job postings.

This Court should deny Plaintiffs' Motion for several reasons, each independently sufficient. First, Plaintiffs failed to "take reasonable steps to avoid imposing undue burden or expense" on a non-party, as required by Rule 45(d)(1), by demanding BBB's information from Indeed before demanding it directly from BBB. Second, Plaintiffs impermissibly ask Indeed to create documents that do not otherwise exist. Third, Plaintiffs' demand for electronically stored information ("ESI") is not reasonably available, thus failing the standard of Rule 45(e)(1)(D).

Plaintiffs do not have the right to commandeer Indeed's business resources as their own. Indeed respectfully asks the Court to deny Plaintiffs' Motion, leaving them to seek their desired information from the proper source—the Defendant—in the proper court—S.D.N.Y.

## II.    <u>RELEVANT BACKGROUND</u>

On February 7, 2022, Plaintiffs served a subpoena upon Indeed in connection with a lawsuit pending in the S.D.N.Y. (the "Subpoena"). Indeed is not a party to that litigation and has no interest in or connection to it. The Subpoena demanded, in relevant part, that Indeed produce

"all job postings… for work at any BBB retail store location" across the entire State of New York for the period of time from October 1, 2014 to December 31, 2018.[1] [Dkt. #1-2 at p. 5.]

On February 14, 2022, Indeed objected to the Subpoena on several grounds, including: (1) the requests were unduly burdensome; and (2) the information sought could be obtained through less burdensome means directly from BBB. [Dkt. #1-3 at p. 2.]

Indeed.com is a job aggregator, which gathers public job listings from major job boards, newspapers, associations, and company career pages and publishes them in one internet location. This is similar to Google but only for jobs. Indeed also functions as a search engine so users may utilize the job listings. Like Google, Indeed only provides links that redirect users to other sites.

The job posts at issue were created by BBB, not Indeed. [Declaration of Andie Barbour ("Barbour Decl.") ¶ 16.] An intermediary recruiting agency then sent those job posts to Indeed through a "feed." [*Id.*] Indeed published the posts, which linked applicants back to BBB's own career site or other location of its choice. [*Id.*] Indeed had no direct relationship with BBB and did not take on any responsibility to create, retain, or preserve these posts.

On March 14, 2022, Indeed's counsel explained its objections, stating via email: "The problem for us … is that we genuinely don't have an easy way to pull historical job posts. Pulling them is in fact very labor-intensive and time-consuming. On the other hand, BBB can request its own account information as described in our response letter..." [*Id.* ¶ 5.]

Also on March 14, 2022, Plaintiffs' counsel and Andie Barbour, Indeed Senior Corporate Counsel, had a telephonic meet-and-confer. [*Id.* ¶ 9.] Indeed's counsel further explained the extensive time and effort involved in pulling the information. [*Id.*.] Plaintiffs' counsel stated that

---

[1] There were four separate demands for production, numbered 1 through 4. Nos. 1 through 3 demanded production of job postings for certain titles, while Number 4 demanded all job postings for "titles other than" those listed in Nos. 1 through 3. Thus, Demand Nos. 1 through 4, together, demanded all possible job postings.

he would request the information again from the Defendant and would reach back out to Indeed if he was unsuccessful and prior to filing a motion to compel with the court. [*Id.* ¶ 10.] Plaintiffs' counsel did not actually do this. Indeed did not receive any further communication from Plaintiffs' counsel until May 13, 2022, when he emailed Indeed the present Motion. [*Id.* ¶ 11.]

After receiving the Motion, Indeed's counsel continued to engage with Plaintiffs' counsel via email, explaining the burden in some detail and reiterating that the information was available to BBB through a simple form on Indeed's site for users to request all of their data. [*Id.* ¶ 13.][2]

Since receiving Plaintiffs' Motion, Indeed's Legal Team, along with technical experts from many other teams, have expended **dozens of hours** attempting to extract this data. [*See id.* ¶ 21; Declaration of Phillip Garcia ("Garcia Decl.") ¶ 8.] Indeed's searches resulted in **over 6,000 possible results**. [Garcia Decl. ¶ 6.] To ultimately produce something akin to the original job posts, Indeed will have to dedicate approximately **50 more hours**. [*Id.* ¶ 9.]

### III.   ARGUMENT

Plaintiffs ask this Court to support them in imposing an extreme and undue burden upon a non-party with no interest in the underlying litigation.

### A.   Plaintiffs Failed in Their Obligation to Seek the Information From BBB.

Plaintiffs failed in their duty, under FRCP 45(d)(1), to "take reasonable steps to avoid imposing undue burden or expense" on non-party Indeed. "Rule 45 subpoenas that require non-parties to search, review, and produce documents that can be obtained through discovery between parties impose an undue burden." *Steward v. Smith*, No. CV SA-10-CA-1025- OG, 2018

---

[2] Indeed also explained that this function is through Indeed's Privacy Team and it is unavailable to Legal for use in production. [Barbour Decl. ¶¶ 8, 18.] Even if Legal could request such information, it would contain all of BBB's data, communications, etc. for all time relating to all features and functions, resulting in a package of documents that Indeed could not legally produce in full and that would likely take just as much time and effort to cull for responsive documents as the search and production under discussion. [*Id.*]

WL 11361916, at *1 (W.D. Tex. July 18, 2018); *see also Reeves v. Wells Fargo Bank, NA*, No.

EP-14-CV-00187-DCG, 2014 WL 12493288, at *4 (W.D. Tex. Apr. 29, 2014) ("Requiring [a

non-party] to produce the requested information is unnecessarily burdensome when the

documents requested are reasonably expected to be in the custody and control of a party.").

     Plaintiffs' own Motion demonstrates that Plaintiffs made no effort to hold Defendant

BBB to its discovery obligations before bringing this Motions against Indeed. Plaintiffs explain

that they propounded the following discovery request upon Defendant BBB:

> Request No. 2: Formal job descriptions for each job held at any
> retail store location in the State of New York at any time during the
> relevant time period.

[Dkt. #1-1.] BBB did not produce these job descriptions. Plaintiffs generously explain, on BBB's

behalf: "Despite diligent efforts, BBB has been unable to locate any [relevant] job

descriptions…." [Dkt. #1 at p. 2.] To prove this assertion, Plaintiffs provide "an excerpt from

BBB's response to Plaintiffs' Request for Production of Documents." [*Id.* at p. 2, n.1

(referencing Dkt. #1-1)]. In fact, that excerpt reflects only that BBB objected to the request as

unduly burdensome. Plaintiffs conclude, though, that they "assume that BBB has taken

seriously" its discovery obligations. [Dkt. #1 at p. 8, n.8.] Plaintiffs do not claim—and a search

of the docket in the underlying litigation does not reveal—that they made any effort whatsoever

to obtain this information from BBB after receiving BBB's objection.

     Plaintiffs are asserting , then, that Defendant fulfilled its discovery obligation by

objecting, while non-party Indeed failed to do so by objecting ***on the very same grounds***:

> Indeed objects to the Subpoena to the extent it is overbroad and
> unduly burdensome…. The request for expansive job postings over
> a four-year period across the entire state of New York for Bed Bath
> & Beyond is unduly burdensome…. Indeed would be required to
> incur significant costs relative to employee time, using multiple
> tools across multiple sources, to determine if compliance with the
> Subpoena is even possible.

[Dkt. #1-3 at p. 2.][3][4]

Indeed has explained to Plaintiffs' counsel numerous times how BBB could obtain the requested information. [Dkt. #1-3, p. 3; Barbour Decl. ¶¶ 5, 8, 13, 15. ] This involves nothing more than BBB filling out a simple online form on Indeed's website to receive <u>all</u> data related to their account. BBB could also presumably seek the information at issue from any number of its own vendors.[5] For example, one of BBB's current recruitment agencies is Recruitics [Barbour Decl. ¶ 16], a "leading provider of talent attraction solutions for the Fortune 1000."[6] This agency likely created the job posts for BBB, and definitely published them to sites like Indeed on behalf of BBB. [*Id.*] Because Plaintiffs have not yet pressed BBB for its own information, this Court should deny Plaintiffs' motion to compel a non-party to produce that information.

**B.    <u>Indeed Cannot Be Forced to Create Documents That Do Not Exist.</u>**

Plaintiffs cannot demand that Indeed create documents that do not exist. Even parties cannot be forced to create new documents. *E.g.*, *Morris v. Copart*, Civ. A. No. 15-724, 2016 WL 11472826, at *4 (E.D. Tex. Sept. 22, 2016) ("Rule 34(a) does not require a party to create

---

[3] In their Motion, Plaintiffs dedicate significant space to the claim that Indeed's objection was "boilerplate" and that Indeed failed to "articulate the specific burden and costs." [*See* Dkt. #1 at pp. 4–5.] First, Indeed's objection was not "boilerplate." Plaintiffs quoted Indeed's objection, but conveniently left out the last sentence of that objection (in the block quote above), which explained the exact burden, although at a very high level. Second, Plaintiffs' assertion that Indeed was obligated to provide evidence of burden is facially false. Details and evidence is of course only required upon a motion to compel (herein), not at the objection stage, as evidenced by the very cases that Plaintiffs cite. Finally, Plaintiffs correctly assert that Indeed had not yet searched for the requested information—that is because the searching itself would be a significant part of the burden and Indeed explained this multiple times to Plaintiffs' counsel. [*See* Dkt. #1-3, p. 1; Barbour Decl. ¶¶ 4, 5, 9, 12, 15, 17, 19; Garcia Decl.]

[4] Plaintiffs also dedicate a portion of their Motion to Indeed's objection under the Stored Communications Act. [*See* Dkt. #1 at pp. 6–7.] While Indeed disagrees with Plaintiffs' arguments, Indeed does not assert that objection herein.

[5] *See*, *e.g.*, *Villarreal v. First Presidio Bank,* No. EP-15-CV-88-KC, 2017 WL 5505383, at *1 (W.D. Tex. June 9, 2017) (Rule 34's definition of "possession, custody, or control" includes… a party's legal right or practical ability to obtain documents from a non-party to the action.")

[6] *See* Recruitic's "About" page on its website, available at: https://www.recruitics.com/about (last accessed on June 5, 2022).

documents that do not exist."). For example, in *Flying J Inc. v. Pilot Travel Centers, LLC*, No. 1:06-cv-00030-TC, 2009 WL 1835000, at *2 (D. Utah June 25, 2009), the plaintiffs served a request for production for a detailed and subdivided summary of various transactions stored in the defendants' database. The defendants responded that no such summary existed and refused to produce. *Id*. The court endorsed the refusal and said that a request for ESI cannot require a party to "slice, dice and summarize the data" for the requesting party's benefit. *Id.* Similarly, in *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000), the court refused to order the FBI to create a list of people whose FBI reports had been requested by the White House, that did not otherwise exist,stating: "Rule 34 only requires a party to produce documents that are already in existence… A party is not required to prepare or cause to be prepared new documents." *See also Taylor v. Kilmer*, No. 18 CV 7403, 2020 WL 606781, at *3 (N.D. Ill. Feb. 7, 2020) (finding that defendants' requests requiring the non-party to "generate reports," or otherwise produce documents not already in their possession, created an undue burden and are improper).

It is of course also true that *non-parties* cannot be forced to create documents that do not exist.  "Rule 45 does not contemplate that a non-party will be forced to create documents that do not exist." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) (internal quotations omitted). "[A] litigant's showing of need for evidence must be *especially strong* in order to outweigh a burden of production which that litigant wishes to place on a *non-party.*" *In re Claims for Vaccine Injs.*, 2007 WL 1983780, at *15, 16 (Fed. Cl. May 25, 2007) (noting that courts often deny discovery requests—under Rules 34 and 45—that require "creating" or "preparing" documents, and granting a motion to quash subpoenas requiring non-party medical providers to generate reports or other documents that did not already exist).

Indeed is not being asked to retrieve records but instead to create them. The process related to the Plaintiffs' demands involves sophisticated searches for pieces of data across multiple systems and databases. [*See* generally Garcia Decl.] These pieces of data are then patched into something similar, but not identical, to the "job posts" that appeared live on indeed.com years ago. [*Id.*] The actual job posts no longer exist. This is beyond even the impermissible "slicing, dicing, and summarizing" of data from case law cited above. This is an experiment in recreating non-existent documents.[7]

This Court should find that Indeed is not required to expend immense resources in an effort to piece together non-existent documents from dispersed bits of data that are highly inaccessible to Indeed.

### C.    Non-Party Indeed Need Not Provide Discovery of ESI That Is Not Reasonably Accessible.

A third—and independently sufficient—reason that this Court should deny Plaintiffs' Motion is that Indeed has shown that the electronically stored information ("ESI") sought is from sources that are not reasonably accessible, as per FRCP 45(e)(1)(D).

Rule 45(e)(1)(D) states that a non-party "need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost."[8] Indeed identified the ESI at issue as such, stating in its initial objection that "the request for expansive job postings" would require "significant costs relative to

---

[7] Given the work involved in creating this data, if Plaintiffs do receive it, they will no doubt return to Indeed, demanding depositions, if/when they attempt to explain and authenticate it. BBB will no doubt challenge the reliability and authenticity of this data.

[8] Plaintiffs dedicate a large portion of their Motion to the idea that Indeed's objections were insufficient "boilerplate." *See supra* n.3. While Indeed in fact explained the burden quite well from its initial objections onward, Rule 45(e)(1)(D) requires only that a non-party "identifies" that the sources of ESI are "not reasonably accessible because of undue burden or cost." Indeed plainly fulfilled this obligation.

employee time, using multiple tools across multiple sources, to determine if compliance with the Subpoena is even possible." [Dkt. #1-3 at p. 2.]

Rule 45(e)(1)(D) next requires that, "on motion to compel discovery," the non-party "must show that the information is not reasonably accessible because of undue burden or cost." Whether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production)." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318–19 (S.D.N.Y. 2003); *see also KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937760, at *2 (E.D. Tex. Dec. 21, 2017) (reasonable accessibility turns on "factors such as the complexity of the ESI and the nature of the media on which the ESI is stored"). In this Opposition brief, Indeed has clearly "shown that the information is not reasonably accessible because of undue burden or cost."

Indeed acknowledges that, even if the non-party makes the showing above, "the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." Fed. R. Civ. P. (e)(1)(D). But Plaintiffs cannot possibly show "good cause." The referenced limitations of Rule 26(b)(2)(C) require that "the court must limit the extent of discovery if… the discovery sought can be obtained from some other source that is more convenient" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." All three of these limitations apply.

First, the discovery sought "can be obtained from a more convenient source," *i.e.*, BBB. *See Tresona Multimedia, LLC v. Legg*, No. 15-C-4834, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015) ("A non-party subpoena seeking information that is readily available from a party

through discovery may be quashed as duplicative or cumulative."). Second, Plaintiffs either have

had or will have "ample opportunity to obtain the information by discovery in the action."[9]

Third, "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." BBB objected

to this same discovery request from Plaintiffs by referencing and relying upon the very language

in Rule 26(b)(1), stating that:

> This Request is overly burdensome because it disproportionately
> seeks discovery that would require an unreasonable amount of time
> and expense to fulfill as compared to the relevance and importance
> of those documents responsive to the request.

[Dkt. #1-1.] As detailed above, Plaintiffs do not appear to take issue with that objection. Indeed,

lacking knowledge of the underlying lawsuit, cannot weigh "the relevance and importance" of

these documents to the case. But the parties can do so, in S.D.N.Y., which is why Plaintiffs

should take this issue up with BBB, in that court.

    For the reasons above, this Court should find that non-party Indeed need not provide the

ESI at issue, because it is not reasonably accessible under FRCP45(e)(1)(D).

### D.    In the Alternative, the Court Should Specify Further Conditions.

    If this Court ultimately does in fact order Indeed to produce ESI, Indeed requests that the

Court use its discretion to "specify conditions for the discovery" (FRCP(e)(1)(D)), specifically:

(1) defer its order until Plaintiffs return to the Court with convincing evidence that they have

properly sought the evidence first from Defendant;[10] and (2) order Plaintiffs to bear the

reasonable cost of production. *See* FRCP 45(d)(2)(B)(ii) (the Court's "order must protect a

[non-party] from significant expense resulting from compliance.")

---

[9] The docket in the underlying case indicates that Plaintiffs, despite litigating for over a year, are
still amending their complaint and have not completed discovery.

[10] *Compare Rembrandt Pat. Innovations v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 WL 4393581,
at *2 (W.D. Tex. July 15, 2015) ("The Court finds that ***until and unless Plaintiffs can establish
they are unable to obtain the requested information from the Defendant, subpoenaing the
information from SAS creates an undue burden***...") (emphasis added).

## IV.   <u>CONCLUSION</u>

For the reasons above, Indeed respectfully requests that this Court deny Plaintiffs'

Motion to Compel.

Date: June 7, 2022                                    Respectfully submitted,


                                                     <u>/s/ Ariel Henderson</u>
                                                     Ariel Henderson
                                                     SBN: 24074392
                                                     Indeed, Inc.
                                                     6433 Champion Grandview Way
                                                     Austin, TX 78750
                                                     Telephone: (512) 459-5300
                                                     Email: ahenderson@indeed.com

                                                     **ATTORNEY FOR INDEED, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served on the following attorneys in accordance with the Federal Rules of Civil Procedure.

Steven John Moser
MOSER LAW FIRM, PC
5 East Main Street
Huntington, NY 11743
steven.moser@moserlawfirm.com
*Attorney for Plaintiffs*

Jeffrey Howard Ruzal
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
jruzal@ebglaw.com
*Attorney for Defendant*

*/s/ Ariel Henderson*
Ariel Henderson