UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated, | § § § § | No. 1:22-mc-00480-RP |
| Plaintiffs, | § | |
| v. | § § | Underlying Litigation: Case No. 1:21-cv-04099-AT-RWL |
| BED BATH & BEYOND, INC. | § § | United States District Court Southern District of New York |
| Defendant. | § | |

## DECLARATION OF ANDIE N. BARBOUR IN SUPPORT OF NON-PARTY INDEED, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

I, Andie Barbour, declare as follows:

1. I am over eighteen years of age and competent to testify about the matters set forth herein. I make this declaration based on personal knowledge.

2. My title is Senior Corporate Counsel at Indeed, Inc. ("Indeed"). I have been employed as an in-house attorney with Indeed since September of 2019.

3. On February 7, 2022, Indeed's agent for service of process, CT Corporation System, received a subpoena via certified mail from the Plaintiffs' counsel, Mr. Steven Moser, in the above-captioned matter (the "Subpoena").

4. On February 14, 2022, Indeed responded to the Subpoena via objection letter that I personally signed. Indeed objected on numerous grounds, including that the Subpoena "is overbroad and unduly burdensome" and that: "Indeed would be required to incur significant costs relative to employee time, using multiple tools across multiple sources, to determine if compliance with the Subpoena is even possible."

5.     On March 14, 2022, in response to a request for a telephonic meeting to discuss the Subpoena, I emailed Plaintiff's counsel, including further explanation of our burden objection: "The problem for us… is that we genuinely don't have an easy way to pull historical job posts. Pulling them is in fact very labor-intensive and time-consuming. On the other hand, BBB can request its own account information as described in our response letter, and BBB would then receive all of its account history." [Ex. 1.]

6.     On that same date, March 14, 2022, Plaintiffs' counsel responded via email: "While I understand your position, BBB is claiming that it cannot locate job descriptions despite diligent effort, leaving us no other option. If Indeed can produce the account information to BBB upon BBB's request, why could it not use the same information to respond to the subpoena. I am available at 3 PM to discuss.  I ask that Indeed articulate the specific burden associated with responding to items 1-5 and the specific costs associated therewith." [Id.]

7.     Plaintiff never provided any proof, including within Plaintiffs' current Motion to Compel ("Motion") to this Court, of Defendant Bed Bath & Beyond, Inc. ("BBB") "claiming that it cannot locate job descriptions," nor that it made "diligent effort" to do so.

8.     In response to Plaintiffs' counsel's email, referenced in Para. 6 above, on that same date, March 14, 2022, I emailed: "As to BBB's claim, they can easily request their information as described in our letter. We cannot produce this information in response to your subpoena because such a request auto-generates the entirety of a user's data, the vast majority of which we cannot disclose to a third party and also would not be responsive to your subpoena. This process was created by our Privacy Team to comply with various data privacy laws, and we cannot use it to gather a subset of the data therein for other purposes." [Id.]

9. On that same date, March 14, 2022, as per Plaintiffs' counsel's request, I met with him via telephone at approximately 1:30 p.m. Central Time. Chris Garcia, an Indeed Legal Operations Analyst, was also present on the call. During that call, I explained once again that fulfilling Plaintiffs' request would be extremely burdensome as it would require extensive time and effort to pull the information. I knew this from past experience trying to pull similar information.

10. During that same call, Plaintiffs' counsel stated that he would request the information again from the Defendant and would reach back out to us if he was unsuccessful and prior to filing a motion to compel with the court.

11. I did not receive any further communications from Plaintiffs' counsel until he emailed me on May 13, 2022, providing me a copy of the current Motion to Compel.

12. On May 18, 2022, as part of a larger email chain of communications, I emailed Plaintiffs' counsel: "Although I haven't yet been able to analyze your motion in-depth, I did read it through and noticed that you said I didn't explain the burden in our phone conversation. I don't recall our conversation in detail, but, in these situations, I usually explain the following: Indeed does not have a function built to search and retrieve historical job postings in the way you need (by geographic area, employer, job title, etc.) because we don't have a business need for that kind of search. In order to gather that type of information, we need a team member (outside of Legal) to create specialized queries that will pull information from across multiple systems. Each query results in a long list of possible job posts. (For what you've requested, we will likely have thousands of results.) Each possible job post in each list is only a link, so that employee then has to go to each link, verify it is a relevant hit (in the broadest sense - as opposed to mere noise), and download it. Then, our legal team has to verify relevance (what you are actually after),

properly redact, etc. This is a high-level summary of what I mean by the burden your requests impose on Indeed and why we need additional time to look into it and properly assess it." [Ex. 2.]

13. In that same email communication on May 18, 2022, I stated: "Also, as explained in our objection letter and on our call, BBB can easily request all of its information (including job posts) through the Indeed platform. So, while BBB may not currently possess those job posts, it does have access to them. When we conferred, you stated that you would request the information again from the Defendant and would reach back out to us if you were unsuccessful and prior to filing a MTC. We did not hear anything further from you until your email about the MTC last Friday… Please let me know your thoughts, and thank you for the heads-up on filing." [Ex. 2.]

14. On May 19, 2022, Plaintiffs' counsel responded: "BBB has not yet produced job descriptions. Our issue with Indeed's alleged burden is that the burden was not assessed prior to making the objection. Therefore, the specific burden could not be clearly articulated and the objection is therefore waived." [Id.]

15. On that same date, May 19, 2022, I responded to Plaintiffs' counsel:

> You are correct that we did not run the searches themselves, which is part of the very burden described. But we have assessed this burden for similar requests in the past. Each link/result we get from the queries I described takes 1-2 minutes for our Privacy Analyst to download, format accessibly (e.g. pdf), and quickly review for relevance (non-noise). So, if there are, say, 1,000 results (and I suspect there will be far more in your 4 year time period), this would take around 25 hours. This kind of search and collection is not in the Privacy Analyst's normal job duties. And, as I described below, this is only one part of the process. Additionally, you are asking for (in tech space time) very old records, beginning in 2014. So your request may involve far more if these records exist in legacy systems or in backup storage.

> This is your case to litigate, of course, but pushing Indeed instead of BBB is odd. What BBB is stating does not make sense. They have a sophisticated job site [linked] that has all the info you are talking about. Most of the jobs on indeed.com for BBB in NY State [linked] actually redirect job seekers to BBB's own site, meaning job seekers do not even apply through Indeed. As a large enterprise, BBB no doubt (although I don't know this firsthand) has a vendor Applicant Tracking System that has all of this info as well. Finally, as explained in our objection letter and subsequent communications, BBB can request ALL of their Indeed records by filling out and submitting the very simple for here [linked].

[Id.]

16. I have learned from Carissa Strong, Senior Client Success Specialist, who oversees the BBB account for Indeed's Client Success team, that BBB has always used a recruiting agency, which serves as an intermediary between BBB and Indeed. This intermediary sends BBB's job posts through an agency "feed" to Indeed and other sites for publication. The job posts that a BBB intermediary sends then link applicants from Indeed back to BBB's career page or another page chosen by the intermediary, presumably at the direction of BBB. BBB's current intermediary with Indeed is "Recruitics."

17. Since joining Indeed's in-house counsel team in September of 2019, part of my job duties have been to respond to third party subpoenas and requests for information. Throughout this time, Indeed has sporadically received requests for historical job posts. In handing these requests, I have spent significant time researching the accessibility of such posts, working with and consulting with members of many teams, including but not limited to, the following: Legal, Privacy, Client Success, Sales, various engineering teams, Data Governance, and Indeed's Hiring Lab (a global research institute with a a research agenda that includes large-scale labor research projects and ongoing tracking and analysis of employment trends). I have searched for a team with a business need for these records and therefore an efficient way to search, retrieve, and review them. I have never found such a team, and every team I have

consulted states that no such tool exists. I have additionally sought out and raised to my supervisory chain options and possibilities for requesting time and resources from our engineering teams to build code and tools to retrieve this information in an easy and efficient manner in the future. My supervising attorneys have worked along with me to achieve this. We continue working on this and hope to create this within the calendar year. But Indeed has innumerable needs on the business side for engineering resources, and this is not a project I can make happen for any particular case or on any faster timeline.

18. In compliance with various privacy-related laws and regulations, Indeed provides an online form for users to fill out, in order to receive all of their data from Indeed, which would include historical job posts. To my best understanding: When a user makes this request, many teams across Indeed pull data. The resulting information and records are combined into an automated record that contains all data. The records are not segregable by any category, including historical job posts. Our Legal Team cannot use this function. Further, Indeed cannot produce the full results to anyone other than the user without violating the data privacy laws and regulations at issue. I formed this understanding because I was, in fact, trying to leverage this very process to respond to third party requests for historical job posts. I was not successful, as this is not a viable option.

19. Indeed has always objected to producing historical job posts of any significant number because they are extremely difficult to search, retrieve, and produce. For this reason, to date, we have never produced more than single-digit numbers of these posts for any party.

20. Since receiving the present Motion, I have worked with members of Legal, Privacy, and other teams to search for the information requested by Plaintiffs. A large part of the

work has been performed by Indeed employee Phillip Garcia, whose declaration is attached to Indeed's present Opposition to Plaintiffs' Motion to Compel.

21. My work on this matter – exclusive of the present Opposition and related materials (including this Declaration) – has totaled at least 15 hours. Other Indeed employees have done significant work on this as well. Laura Hansen, Senior Corporate Counsel, estimates she has dedicated approximately 10 hours to this matter, again exclusive of the present Opposition and related materials. As laid out in his own Declaration (referenced in the paragraph above and attached to Indeed's Opposition), Phillip Garcia, Data Risk Analyst, has already dedicated over 30 hours to this matter, and estimates that at least 50 more hours will be needed from Indeed employees to produce the 6,084 search results he has gathered. We have all collaborated with, and been assisted by, many other Indeed employees, adding many additional hours to the total time that Indeed has dedicated to this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of June, 2022, at Austin, Texas.

/s/ Andie Barbour
SBN No. 24104931

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served on the following attorneys in accordance with the Federal Rules of Civil Procedure.

Steven John Moser
MOSER LAW FIRM, PC
5 East Main Street
Huntington, NY 11743
steven.moser@moserlawfirm.com
*Attorney for Plaintiffs*

Jeffrey Howard Ruzal
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
jruzal@ebglaw.com
*Attorney for Defendant*

                                                          */s/ Ariel Henderson*
                                                        Ariel Henderson