# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DONALD HESS and ELIZABETH PADILLA, individually and on behalf of all others similarly situated, | § § § § | No. 1:22-mc-00480-RP |
| Plaintiffs, | § | |
| v. | § § | Underlying Litigation: Case No. 1:21-cv-04099-AT-RWL |
| BED BATH & BEYOND, INC. | § § | United States District Court Southern District of New York |
| Defendant. | § | |

## DECLARATION OF PHILLIP GARCIA IN SUPPORT OF NON-PARTY INDEED, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

I, Phillip Garcia, declare as follows:

1.  I am over eighteen years of age and competent to testify about the matters set forth herein. I make this declaration based on personal knowledge.

2.  I am a member of the Security Team at Indeed, Inc. ("Indeed"), and my title is Data Risk Analyst. I have various job duties relating to data privacy and security. I began working at Indeed on or around October of 2018.

3.  I devote approximately 10-20% of my time per week responding to discovery requests served upon Indeed. This amount varies week-by-week due to variation in the discovery requests Indeed receives. I was assigned to take over this duty from a departing Indeed employee around January of 2022.

4.  I began performing work related to the present discovery request on or around May 16, 2022. Although I have searched for job posts in the past, this request – for all Bed Bath

1

& Beyond, Inc. ("BBB") job postings for any work at any BBB retail store across the State of New York for the time period of October 1, 2014 to December 31, 2018 – was far less precise and far more voluminous than past requests. It was far less precise because it did not provide me with information such as an employer account email address or internal Indeed tags. The large volume of information sought by the request required additional time to organize, gauge accuracy, and export.

5. To gather the data at issue, I had to build a specialized internal search query that would identify and pull information from Indeed's systems. Building that search query involved collaborating and getting input from additional technical teams, as well as research including what my predecessor had done to pull similar information in the past. The search itself had to be run and corrected several times.

6. The finalized search pulled 6,084 results, but these results are likely unreliable for a number of reasons. For example, if an employer deleted its job post, it would no longer appear in Indeed's system and would not be retrieved by the search. Or if an employer changed a job listing, the changed listing would override the original listing and I would not be able to retrieve the original listing as it appeared on the website. Despite the significant time and effort I have spent working on this request and striving for accuracy, there are almost certainly "unknowns" that I am not tracking of and therefore cannot account for.

7. I exported these 6,084 results into an Excel spreadsheet. That spreadsheet can include links to the expired job posts, but those links are expired and irretrievable. The spreadsheet, in the alternative, can include links to an Indeed internal system, which in turn has links to publicly-accessible (but non-indexed, i.e. not obtainable through search engines like Google) URLs that *might* contain the job description portion of the once-existing live job post on

indeed.com many years ago. (I use the modifier "might" because we have only spot-checked, and have not systematically verified, that all of these links work.) Each URL could then be copied and pasted into the spreadsheet (but, as far as we know at this point, cannot be auto-populated) by an Indeed employee. Based on trying this process myself, I estimate that linking to each URL, and then copying and pasting it into the spreadsheet, would take approximately 30 seconds. With 6,084 total results, this means a total time of around 50 hours.

8. This request, over the past three weeks, has taken up over 25% of my working hours, i.e., over 30 hours. Other team members, as explained above, assisted me in this work, although I cannot accurately estimate the time they spent on this.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of June, 2022, at Austin, Texas.

DocuSigned by:

*Phillip Garcia*

1E18C86D974A49C...

Phillip Garcia

## CERTIFICATE OF SERVICE

       I hereby certify that on June 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served on the following attorneys in accordance with the Federal Rules of Civil Procedure.

Steven John Moser
MOSER LAW FIRM, PC
5 East Main Street
Huntington, NY 11743
steven.moser@moserlawfirm.com
*Attorney for Plaintiffs*

Jeffrey Howard Ruzal
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
jruzal@ebglaw.com
*Attorney for Defendant*

                                                                                   */s/ Ariel Henderson*
                                                                                    Ariel Henderson