IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DONALD HESS and ELIZABETH PADILLA,<br>    Plaintiffs,<br><br>v.<br><br>BED BATH & BEYOND, INC.<br>    Defendant,<br><br>v.<br><br>INDEED, INC.,<br>    Respondent. | 1:22-MC-480-RP |

**ORDER**

Before the court are Plaintiffs' Motion to Compel Compliance with a Subpoena to Produce Documents (Dkt. #1), Non-Party Indeed, Inc.'s Opposition to Plaintiff's Motion to Compel (Dkt. #4), and Plaintiffs' Reply (Dkt. #6).[1] After reviewing the parties' briefing, the entire record, the relevant case law, and determining that a hearing is not necessary, the court enters the following order.

**A. BACKGROUND**

Plaintiffs Donald Hess and Elizabeth Padilla, individually and on behalf of others similarly situated, initiated a lawsuit against Bed Bath & Beyond ("BBB") in the Southern District of New York, Cause No. 21-cv-4099. That lawsuit centers on Plaintiffs' allegations that BBB violated New York labor laws. Plaintiffs subpoenaed non-party Respondent, Indeed, Inc. ("Indeed"), seeking seventeen categories of documents. Indeed has advised Plaintiffs that it has no documents

---

[1] This motion has been referred to the undersigned by United States District Judge Robert Pitman pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text entry date May 19, 2022.

responsive to Plaintiffs' Requests #5-#17. However, Indeed has objected to the production of four categories of documents that correspond to Requests #1-#4. Taken together the four individual requests seek: "All job postings for the title of … [category #1] Retail Sales Associate or Sales Associate… [category #2] Retail Stock Associate or Stock Associate… [category #3] Overnight Department Manager…[and category #4] for positions titled other than Retail Sales Associate or Sales Associate, Retail Stock Associate or Stock Associate, Overnight Department Manager… for work at any BBB retail store location in the State of New York during the relevant time period." *See* Dkt. #1-2 at 2 (Requests #1-#4). Although separated as four individual requests, Plaintiffs are essentially requesting all BBB job postings in the State of New York from October 1, 2014 to December 31, 2018.

### B. THE ISSUE

Plaintiffs contend the documents are necessary to determine whether BBB's New York employees shared a common job description, and therefore may be "similarly situated," and to determine the class or classes of New York employees that were "manual workers." Dkt. #1 at 2. According to Plaintiffs, BBB was "unable to locate any job description for any New York State employee for the period from September 14, 2014 through November 12, 2018." *Id*. Plaintiffs assert that BBB's inability to do so necessitates the subpoena to a non-party in this case.

Plaintiffs contend that Federal Rule of Civil Procedure 45 justifies the issuance of the subpoena and Indeed's subsequent compliance. Plaintiffs contend that Indeed's objections are unsupported and mere boilerplate and that BBB's inability to produce responsive documents justifies the request directed to non-party Indeed for documents.

Indeed has lodged a number of objections to the subpoena. Indeed contends compliance would be exceedingly burdensome in that "Plaintiffs demand extensive data: *all* of BBB's job

postings for *any* work at *any* BBB retail store across the *entire* State of New York for a *three year period* beginning over *seven years ago*." Dkt. #4 at 1 [italics in original]. Indeed argues that it has already spent significant resources investigating this matter and eventual compliance will require at least 50 more hours of employee time. In addition, Indeed notes that rather than pursue a motion to compel against BBB for these documents, Plaintiffs simply accepted both (a) BBB's objection that production would be overly burdensome and unreasonable, and (b) BBB's assertion that it could not locate any responsive documents. Indeed also notes that Plaintiffs have not heeded its recommendation on how the documents could be obtained from BBB. That is, the responsive documents can be obtained if BBB did "… nothing more than BBB filling out a simple online form on Indeed's website to receive all data related to their account. BBB could also presumably seek the information at issue from any number of its own vendors." Dkt. #4 at 6.

Indeed makes three basic objections. First, Plaintiffs have failed to "take reasonable steps to avoid imposing undue burden or expense" on a non-party, as required by Rule 45(d)(1). Second, Plaintiffs impermissibly demand Indeed to create documents that do not otherwise exist. Third, Plaintiff's demand for electronically stored information is not reasonably available, thus failing the standard of Rule 45(e)(1)(D). *See* Dkt. #4 at 2.

### C. ANALYSIS

The issuance of subpoenas to obtain discovery from non-parties is governed by Federal Rule of Civil Procedure 45. On timely motion, a court must quash or modify a subpoena if it "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv); *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012). However, "[w]hether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum*

*Co.*, 392 F.3d 812, 818 (5th Cir. 2004). In determining whether a subpoena subjects a non-party to an undue burden, a court considers: (1) the relevance of the requested information; (2) the party's need for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the request is described; and (6) the burden imposed. *Id*. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.* The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and "calls upon the court to consider whether the information is necessary and unavailable from any other source." *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004)*, abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). The decision of whether to grant a motion to quash under Rule 45 is within the "broad discretion" of the court. *Id.*

Having reviewed the parties' briefing, this court finds that every *Wiwa* factor militates in favor of non-party Indeed. Plaintiffs have provided little in the way of an explanation as to relevance or need. There are undoubtedly a number of other means by which Plaintiffs can determine whether BBB's New York employees shared a common job description, and therefore may be "similarly situated," and to determine the class or classes of New York employees that were "manual workers." Dkt. #1 at 2. The lack of any analysis related to relevance or need is compounded by Plaintiffs' failure to aggressively demand an explanation from BBB as to why it is unable to produce a single responsive document related to its New York job postings. Instead, Plaintiffs have simply accepted BBB's inexplicable assertion that it cannot find any responsive documents. BBB's weak excuse for non-compliance defies credulity. Moreover, a defendant to a

lawsuit cannot avoid its own production obligations by simply deflecting to the possibility that a non-party may have the information.

The breadth and time-period covered by the requests represent a tremendous burden upon a non-party Indeed particularly given a passing reference to the purported relevance or need of the documents. Plaintiffs are seeking documents from over seven-and-a-half years ago, from a non-party no less. The "particularity with which the request is described" factor is arguably neutral. However, there is a level of flippancy with regard to how document Requests #1 through #4 are crafted. Requests #1 through #3 ask for information related to specific job titles. Request #4 swallows those first three requests and essentially says, 'nevermind our first three requests, we actually want all BBB job postings in New York.' Plaintiffs have failed to narrowly tailor their requests.

Lastly, Indeed has established that document production as proposed by Plaintiffs represents an undue burden. *Wiwa,* 392 F.3d at 818 ("moving party has the burden to demonstrate 'that compliance with the subpoena would be 'unreasonable and oppressive'"). The court is persuaded by Indeed's representations pertaining to the amount of employee time and resources needed to effectively respond to the request. The court also agrees that the requested document production improperly requires Indeed to create documents that do not exist. *Morris v. Copart,* 2016 WL 11472826, at *4 (E.D. Tex. Sept. 22, 2016); *Mir v. L-3 Commc'ns Integrated Sys., L.P.,* 319 F.R.D. 220, 227 (N.D. Tex. 2016); *see* Dkt. #4 at 6-8. Any interest Plaintiffs have in obtaining the requested documents from non-party Indeed is far outweighed by the burden imposed. While cognizant of the admonition that modification of a subpoena is preferable to quashing it outright, the court declines the opportunity to do so. *See Wiwa,* 392 F.3d at 818. For the reasons stated above, the current posture of the request is deficient on a number of grounds. Furthermore, neither

party described potential modifications. Consequently, this court is hesitant to do so absent specific guidance and compromise.

### D. CONCLUSION

For the above reasons, the undersigned finds Indeed has met its burden of showing that "compliance with the subpoena[s] would be 'unreasonable and oppressive'." *Wiwa,* 392 F.3d at 818. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Compel Compliance with a Subpoena to Produce Documents (Dkt. #1) is **DENIED.**

**IT IS FURTHER ORDERED** that this cause of action is **CLOSED.**

SIGNED June 21, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE